**Evelyn R. JONES, Plaintiff–Appellant,**

v.

**MERCHANTS NATIONAL BANK & TRUST COMPANY OF INDIANAPOLIS, Defendant–Appellee.**

No. 92–4076.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 12, 1994.

Decided Dec. 12, 1994.

Patrick E. Chavis, III, John O. Moss (argued), Indianapolis, IN, for plaintiff-appellant.

David L. Swider (argued), Karen Glasser Sharp, Bose, McKinney & Evans, Indianapolis, IN, for defendant-appellee.

Before GODBOLD,* FLAUM, and ROVNER, Circuit Judges.

FLAUM, Circuit Judge.

Evelyn Jones, a black female, filed a claim against Merchants National Bank ("MNB")

---

* The Honorable John C. Godbold, of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

alleging it discriminated against her on account of her race in violation of 42 U.S.C. § 1981. Specifically, she alleged that MNB discriminatorily denied her promotions, pay increases, and management training classes. In addition, Jones claimed that MNB paid her less than white employees for the same job and that her superiors racially and sexually harassed her. The district court granted MNB's motion for summary judgment and Jones appealed. We affirm.

## I.

MNB hired Evelyn Jones on November 15, 1982, as a Clerk III, a nonsupervisory, non-salaried position. Jones enrolled at the University of Indianapolis in 1983, and began working toward a Bachelor of Science in Accounting.[1] Over the next several years Jones received various promotions and pay raises. However, over this same time period, Jones failed to be promoted to other positions she felt entitled to and qualified for.

In February, 1987, Jones agreed to a transfer to a different department which her superiors suggested held greater opportunities for advancement. One year later, Jones received a promotion to MNB Accountant but allegedly did not receive a promised pay raise. Sometime in 1989, Jones requested a promotion to officer status. Her superiors informed her that they would not promote her because of her lack of a college degree. After learning that a white woman with less seniority and no college degree had received a promotion to an officer position, Jones again sought such a promotion. Her supervisors insisted that MNB could not promote her without a college degree. Jones took MNB's refusal as a constructive discharge and tendered her resignation, effective July 31, 1989.

Jones filed this action on March 28, 1991, alleging that MNB had discriminated against her on account of her race, in violation of 42 U.S.C. § 1981, by:

---

1. At the time she resigned (or, as she alleges, was constructively discharged), Jones had earned 73 credits toward her degree and was considered a Junior in college.

a. treating her negatively from the manner in which similarly situated Caucasian employees were treated;

b. failing and refusing to promote Plaintiff to the position of Senior Bank Accountant and/or Officer Status;

c. failing to compensate the Plaintiff on the same terms and conditions as similarly situated Caucasian employees were compensated; and

d. denying Plaintiff the opportunity to apply for advanced positions.

Plaintiff's Complaint ¶ 6. In her list of contentions, Jones enumerated several promotions which she alleges MNB discriminatorily denied her, including: Tax Accountant Coordinator in 1983; Tax Officer in 1986; Senior Cost Analyst in 1986; Assistant Tax Officer in 1987; Senior Corporate Accountant in 1988; Senior Bank Accountant in 1988; General Ledger Report Writer in 1988; and an officer position in 1989. Jones further claimed that she received less pay than the white employees who obtained the above promotions. She also contended that MNB discriminatorily denied her placement in its Management Training Program in 1984, which she believes would have increased her advancement opportunities. Finally, Jones alleged that MNB employees racially and sexually harassed her because of her race.[2]

MNB moved for summary judgment on February 24, 1992. On July 10, 1992, before the close of discovery, Jones served her second request for production of documents and second set of interrogatories on MNB. MNB moved for an enlargement of time to respond to that request. On July 29, 1992, the court gave MNB until 30 days after its ruling on the motion for summary judgment in which to respond to Jones' requests. The district court granted MNB's motion for summary judgment on November 17, 1992.

▪ In its order granting summary judgment for MNB, the district court held that all of Jones' promotion claims, except for the 1989 promotion to officer status, and the discriminatory pay claims related to those promotions were barred by Indiana's two year statute of limitations. The court further held that Jones had waived a contract claim by her failure to make any allegations relating to the claim prior to her motion opposing summary judgment, and that the claim was barred by the statute of limitations.[3] Finally, the court held that all of Jones' other claims were barred by *Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). Jones challenges these findings and also asserts that the district court abused its discretion in granting MNB an extension of time in which to respond to her discovery requests.

## II.

▪ We review the district court's grant of summary judgment for MNB *de novo, Karazanos v. Navistar International Transportation Corp.*, 948 F.2d 332, 335 (7th Cir. 1991), and review the record, and all reasonable inferences which can be drawn from it, in the light most favorable to Jones, the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). Once the moving party has demonstrated that no genuine issue of material fact exists the nonmoving party must show, by specific factual allegations, the existence of a genuine issue

---

**2.** The district court gleaned these claims, including the list of failed promotions, from Jones' complaint, contentions, brief in opposition to motion for summary judgment, and supporting affidavits. Many of her claims are not supported by any factual allegations.

**3.** Jones' challenge to this holding is without merit. The district court correctly found that the contract claim was time-barred. Indiana has a

two year statute of limitations for breach of oral employment contract claims. Ind.Code § 34–1–2–1.5 (1993). Jones' cause of action would have arisen when MNB failed to increase her salary as allegedly agreed, February 1, 1988. Jones did not file this action until March 28, 1991, more than 3 years after MNB's alleged breach of the contract.

of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). "Self-serving assertions without factual support in the record will not defeat a motion for summary judgment." *McDonnell v. Cournia,* 990 F.2d 963, 969 (7th Cir.1993).

■ The district court held that Indiana's two year statute of limitations for personal injury actions barred all of Jones' promotion claims except one. Ind.Code § 34–1–2–2(1) (1993). We have previously determined that this statute of limitations applies to § 1981 claims. *Coopwood v. Lake County Community Development Dept.,* 932 F.2d 677, 679 (7th Cir.1991). Jones filed her action on March 28, 1991, thus she can only complain about those promotions MNB denied her after March 28, 1989, namely a promotion to officer status sometime in 1989.

However, Jones claims that these various promotion denials (putting aside for now the 1989 officer position) constitute a "continuing violation" so that they are not time-barred. In *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1971), the Supreme Court held that a Title VII plaintiff may recover for acts barred by the statute of limitations if she can show a "continuing violation." The Court, however, stressed that there must be a present violation to complain about, not just the persisting effects of past discrimination. *Id.* at 558, 97 S.Ct. at 1889.

■ Since *Evans* this Court has discussed three different continuing violation theories. *Selan v. Kiley,* 969 F.2d 560, 565 (7th Cir. 1992); *Stewart v. CPC International, Inc.,* 679 F.2d 117, 120–21 (7th Cir.1982). The first theory encompasses decisions, usually relating to hiring and promotions, where the employer's decision-making process takes place over a period of time, making it difficult to determine the actual date of the allegedly discriminatory act. In such instances, the statute of limitations begins running for the claim when the plaintiff knows that the decision has been made. *Stewart,* 679 F.2d at 121 n. 2. Jones' allegations do not fit this theory because all of MNB's refusals to promote her and the corresponding promotions of others, which would have given her notice of its decision, fell outside of the limitations period. *See Selan,* 969 F.2d at 565.

■ The second continuing violation theory involves an employer's express, openly espoused policy that is alleged to be discriminatory. *Id.* This concept also does not apply to Jones' case because nowhere does she allege that MNB had an explicit, clearly conveyed policy of discriminating against blacks in promotion decisions.

■ Finally, a plaintiff can show a continuing violation where an employer covertly follows a practice of discrimination over a period of time. *Id.* In such a case, the plaintiff can only realize that she is a victim of discrimination after a series of discrete acts has occurred. The limitations period begins to run when the plaintiff gains such insight. *Moskowitz v. Trustees of Purdue University,* 5 F.3d 279, 281–82 (7th Cir.1993). However, if the plaintiff knew, or "with the exercise of reasonable diligence would have known after each act that it was discriminatory and had harmed" her, she must sue over that act within the relevant statute of limitations. *Id.* at 282. Here, Jones admits that she felt, at the time that they occurred, that some of MNB's refusals to promote her were discriminatory. *See* Plaintiff's Affidavit in Support of her Response to Defendant's Motion for Summary Judgment ¶¶ 8, 11. In addition, each promotion was a discrete decision and each time Jones knew, or should have known, that she had not received the promotion and another person had. *See Selan,* 969 F.2d at 565. Thus, Jones cannot rely on any continuing violation theory to revive her claims for discriminatory promotions.[4] And, because her promotion claims are barred, Jones' claims of discriminatory pay based on her failure to obtain the promotions are likewise barred. *Webb v. Indiana National Bank,* 931 F.2d 434, 438 (7th Cir.1991).

---

4. In addition, Jones cannot recover on any continuing violation theory because she cannot point to a violation within the limitations period in light of the district court's finding, which we affirm, that her 1989 officer promotion claim is not actionable under § 1981.

Turning to Jones' other claims, in *Patterson v. McLean Credit Union* the Supreme Court stated that § 1981 protects only the rights to make and enforce contracts and does not cover "conduct by the employer after the contract relation has been established, including breach of the terms of the contract or imposition of discriminatory working conditions." 491 U.S. 164, 176–77, 109 S.Ct. 2363, 2372–73, 105 L.Ed.2d 132 (1989). Therefore, the district court correctly found that Jones' claims relating to pay differentials, discriminatory denial of placement in the Management Training Program, racial and sexual harassment, and constructive discharge were not actionable under § 1981. Although the Civil Rights Act of 1991 amended § 1981 to allow such claims, the Act does not apply to cases, such as this one, that were pending at the time of its enactment. *Rivers v. Roadway Express, Inc.*, — U.S. —, —, 114 S.Ct. 1510, 1519, 128 L.Ed.2d 274 (1994). This leaves Jones with two claims: discriminatory denial of a promotion to officer status in 1989, and error in extending MNB's time to respond to her discovery requests. Failure to promote claims are actionable under § 1981 only when the promotion would have resulted in a "new and distinct relation between the employee and the employer." *Patterson*, 491 U.S. at 185, 109 S.Ct. at 2377. The district court found that a promotion to officer status would not have created a new contract between Jones and MNB and we agree with that conclusion.

Judith Muessig, Vice President and Employee Relations Manager of MNB, stated that "[p]romotion to officer status is merely a recognition of [an] employee's progression along his or her career path with Merchants." Muessig Affidavit ¶ 8. She further stated that a promotion to an entry-level officer position does not necessarily entail a salary increase, supervisory duties, added duties, or management responsibility. *Id.* at ¶¶ 4–7.

Jones responded to Muessig's affidavit by declaring that a promotion to officer status would change her relationship with MNB in the following ways:

a. the Officer position is prestigious and all Officers represent the Defendant Bank internally and externally;

b. Officers have insurance benefits that non-officers do not have;

c. Officers have increased stock option benefits that non-officers do not have;

d. Officers have supervisory responsibilities that non-officers do not have;

e. Officers, just by the very nature of the position, have opportunities in further advancement and in salary that non-officers do not have;

f. Officers participate in management decision making as non-officers do not.

Plaintiff's Supplemental Affidavit ¶ 7. In her brief opposing MNB's motion for summary judgment, Jones simply stated: "Obviously, if [I] would have been promoted to Officer, [I] would have had more responsibility, more prestige, and other opportunities." These very summary conclusions failed to rebut Muessig's description of an entry-level officer position as only an employer acknowledgement of career progress. Jones needed to submit evidence of recent officer promotions which established that pay increases, supervisory responsibilities, and other duties or benefits regularly accompanied the change in status. Instead, she only offered documents, called officer candidate resumes, which noted the officer promotions of women mentioned in Jones' complaint but did not provide any indication of specific increases in benefits or responsibilities. Thus, Jones did not present to the district court any evidentiary support for her claims about the alleged enhanced status which would have attended a promotion to the position of officer. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3189, 111 L.Ed.2d 695 (1990) ("The object of [56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.").

The district court accepted MNB's description of an entry-level officer position, a reasonable characterization given that MNB currently has 288 officers, and concluded that Jones' claim was not actionable under *Patterson*. In light of Jones' merely conclusory assertions regarding the changes a pro-

motion to officer would have entailed, we see no reason to disturb the district court's holding that it would not have created a new and distinct relationship. *See also Von Zuckerstein v. Argonne National Laboratory*, 984 F.2d 1467, 1473 (7th Cir.) (promotion accompanied by higher salary, increased prestige, and added responsibilities not actionable under § 1981), *cert. denied*, — U.S. —, 114 S.Ct. 419, 126 L.Ed.2d 365 (1993); *Mozee v. American Commercial Marine Service Co.*, 940 F.2d 1036, 1054 (7th Cir.1991) (no new and distinct relation where new job would have only entailed some supervisory authority and act as a proving ground for further promotions), *cert. denied*, — U.S. —, 113 S.Ct. 207, 121 L.Ed.2d 148 (1992); *McKnight v. General Motors Corp.*, 908 F.2d 104, 110 (7th Cir.1990) ("it would be odd to regard each rung on the career ladder as a different employment relation"), *cert. denied*, 499 U.S. 919, 111 S.Ct. 1306, 113 L.Ed.2d 241 (1991).

 Finally, the district court allowed MNB to delay responding to Jones' second request for discovery until after the court ruled on MNB's motion for summary judgment. Jones argues that the court abused its discretion by effectively relieving MNB of complying with her request. We disagree. While Jones contends that the information and documents she sought would have helped her overcome the motion for summary judgment, she never filed a Rule 56(f) affidavit explaining this necessity to the court.[5] Moreover, we note that Jones filed her request six days before MNB's reply brief in support of its motion for summary judgment was due and fifteen months into discovery. Irrespective of what the discovery might have revealed, the district court did not abuse its discretion by giving MNB more time to respond to Jones' requests. *King v. Cooke*, 26 F.3d 720, 726 (7th Cir.1994) ("when a party does not avail himself of relief under Rule 56(f) it is generally not an abuse of discretion for the district court to rule on the motion for summary judgment").

5. Rule 56(f) states: "Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." FED. R.Civ.P. 56(f).

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of MNB.

AFFIRMED.