79 F.3d 1150
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Harold E. BEASLEY, Plaintiff-Appellant,
v.
INDIANA BELL TELEPHONE CO., Defendant-Appellee.
 No. 95-3477.
 United States Court of Appeals, Seventh Circuit.
 Argued Feb. 28, 1996.
Decided March 6, 1996.
 
 Before COFFEY, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Harold E. Beasley sued Indiana Bell Telephone Co. for discrimination under the Americans with Disabilities Act. 42 U.S.C. §§ 12101 et. seq. The district court granted summary judgment for Indiana Bell finding that Beasley had failed to set forth facts sufficient to constitute a genuinely triable issue that (a) his condition of paroxysmal hyperthermia constituted a disability within the meaning of the ADA, (b) he qualified as "an individual with a disability" within the meaning of the ADA, and (c) Indiana Bell placed him on "final warning status" because of his disability. Beasley now appeals. We affirm.
 
 I.
 
 2
 Beasley began working for Indiana Bell in 1969 as a cable splicer helper and a cable splicer, providing telephone wire connections between Indiana Bell and its customers. Indiana Bell required him to work both indoors and outdoors all year round, and to maintain satisfactory attendance--attendance also being a criteria for Indiana Bell's promotion and transfer decisions for nonmanagement employees. During his employment, Beasley has had several instances of disability-related absences from work or reassignments to lighter duties. For instance, on August 3, 1989, he was hit by a truck while on the job, was absent from work until February 1989, and then returned to Indiana Bell in a temporary position at the Control Center until June when his physician released him to return to full duty as a cable splicer.
 
 
 3
 In 1991, Beasley informed his supervisor that he was experiencing physical discomfort with his body temperature, a condition subsequently labeled "paroxysmal hyperthermia," or recurring hot flashes. His supervisor allowed Beasley to work underground when possible and to rest when outdoors. Nonetheless, Beasley's condition prompted him to miss work. In September, 1991, he saw Dr. Michael Johnson, who performed an extensive medical evaluation on Beasley but was unable to identify the cause for Beasley's condition. Despite the lack of an objective medical corroboration of Beasley's condition, Indiana Bell temporarily reassigned Beasley to work in underground locations as a buried conduit inspector.
 
 
 4
 Beasley began to see neurologist Leo T. d'Ambrosio in February, 1992. Beasley underwent thyroid function tests, echocardiogram tests, oral glucose tolerance tests, treadmill test, a Cat-Scan of the brain, antinuclear antibody test, ACTH stimulation test, and various lab tests to determine the cause of Beasley's condition. These tests screened out areas of further investigation; so by Beasley testing normal, the possible causes of Beasley's symptoms were narrowed. D'Amrosio determined that Beasley suffered from paroxysmal hypothermia, and because there are no objective tests that establish temperature tolerance levels in patients who suffer from paroxysmal hyperthermia, he established by interviewing Beasley that Beasley's symptoms became acute when exposed to temperatures in excess of eighty degrees. He further speculated that Beasley's condition may stem from an injury to his hypothalamus following an automobile accident.
 
 
 5
 At approximately the same time as Dr. d'Ambrosio was conducting these tests, Beasley applied for a job transfer to a position in a temperature controlled environment. His request was denied due to unsatisfactory attendance. Beasley admitted that his attendance record was insufficient to warrant a transfer, but apparently believed that Indiana Bell's Medical Department could override his attendance deficiency given evidence of his disability. Beasley contested the transfer denial in a grievance filed April 29, 1992, and filed Dr. d'Ambrosio's recommendation that Beasley avoid temperatures in excess of eighty degrees. Indiana Bell affirmed its decision to deny Beasley a transfer, finding that Dr. d'Ambrosio's statement was not objective medical documentation of Beasley's condition because Dr. d'Ambrosio based his findings on Beasley's subjective complaints. Indiana Bell required specific medical documentation of the exact diagnosis of his condition, the treatment plan, and the prognosis.
 
 
 6
 In a separate matter, Beasley was placed on "final warning status" on November 19, 1992, because of his unsatisfactory attendance record. This notice informed him that he would be fired for his next absence. None of Beasley's authorized disability leaves were counted against him in placing him on final warning status, but Beasley suggests that the remaining absences were also products of his disability although not authorized as disability leaves. From the time of this warning until the time that Indiana Bell filed for summary judgment, more than two years, Beasley had no incidental absences and was removed from the absence control program.
 
 II.
 A.
 
 7
 "We review the district court's grant of summary judgment de novo, drawing all reasonable inferences from the record in the light most favorable to the non-moving party." Johnson v. Runyon, 47 F.3d 911, 917 (7th Cir.1995) ( citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986)). A motion for summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). "If no reasonable jury could find for the party opposing the motion, it must be granted." Hedberg v. Indiana Bell Tel. Co., 47 F.3d 928, 931 (7th Cir.1995) (citing Anderson, 477 U.S. at 248, 106 S.Ct. at 2510). "Conclusory allegations by the party opposing the motion cannot defeat the motion." Id. The non-moving party must do more than simply "show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).
 
 
 8
 Tyler v. Runyon, 70 F.3d 458, 464 (7th Cir.1995).
 
 B.
 
 9
 The district court granted summary judgment for Indiana Bell on three grounds. First, the district court found Beasley failed to establish that he suffers from a disability within the meaning of the ADA. The ADA defines a disability as "a physical or mental impairment that substantially limits one or more of the major activities of [the] individual." 42 U.S.C. § 12102(2)(A). The district court assumed that Beasley had a physical impairment within the contemplation of the ADA but found that the impairment did not limit any of his major life activities. Specifically, the court noted that Beasley presented no evidence what Beasley's "acute symptoms" entailed and why these symptoms significantly restricted his life activities.
 
 
 10
 Second, the district court found that he failed to establish evidence that he qualified as "an individual with a disability" within the meaning of the ADA. The ADA defines a qualified individual as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that [the] individual holds or desires." 42 U.S.C. § 12111(8). Beasley admitted that he was not qualified for a transfer because of his poor attendance record but intimated that Indiana Bell was expected to accommodate him and excuse his attendance record because his attendance record was a result of his disability. However, the district court rejected this ground because Beasley did not challenge Indiana Bell's attendance policy and presented no evidence that his absences were due to his medical problems.
 
 
 11
 Finally, the district court found that Beasley failed to establish that Indiana Bell placed him on "final warning status" because of his disability. Again, Beasley admitted that his attendance record qualified him for final warning status under Indiana Bell's policy, but failed to contest that policy or present evidence that his absences were due to his medical problems.
 
 
 12
 On appeal, Beasley raises only the district court's finding that his medical condition did not constitute a disability.[1] Issues not argued in an Appellant's brief are deemed waived. Doherty v. City of Chicago, slip op., No. 95-1297 at * 11-12 (Feb. 1, 1996). Therefore, the district court's grant of summary judgment can be affirmed on the two grounds Beasley does not contest. Nonetheless, we will briefly discuss the remaining issue below.
 
 C.
 
 13
 The only issue raised on appeal is whether a person suffering from a disability whose symptoms cannot be objectively confirmed must submit objective medical evidence which purports to corroborate the disability. Beasley's evidence supporting his argument to deny summary judgment for Indiana Bell consists of his own deposition, and an affidavit and note by Dr. d'Ambrosio which Beasley admits are wholly dependent upon Beasley's subjective statements. Beasley argues that his subjective descriptions of his symptoms and sufferings are sufficient to survive a motion for summary judgment; Indiana Bell argues that his depositions are self-serving, unconfirmed statements that are inadmissable and thus insufficient to survive summary judgment.
 
 
 14
 In general, a litigant may not rely on self-serving depositions to survive summary judgment. Jones v. Merchants Nat. Bank & Trust Co., 42 F.3d 1054, 1057 (7th Cir.1994). However, when the merits of a complaint involve subjective issues such as credibility, state of mind, and motivation--where the critical evidence lies within the control of the movant--summary judgment may be inappropriate. See e.g., Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir.1992) (state of mind of prison official precluded summary judgment on Eighth Amendment claim). Social Security laws, for example, recognize that certain disabilities are characterized by subjective complaints of pain and allow individuals claiming benefits from disabilities to rely solely upon subjective complaints of pain. Regulations and commentary state that subjective complaints do not "require objective medical evidence to corroborate statements about the intensity, persistence, and functional effects of pain or other symptoms." 56 Fed.Reg. 57,932.
 
 
 15
 Dr. d'Ambrosio stated in his affidavit that the nature of Beasley's symptoms were subjective and that the tests performed narrowed possible causes but did not establish that Beasley was faking the conditions. Thus, there was no objective medical evidence to produce or provide absent placing Beasley in an oven at eighty and observing how Beasley reacted. Beasley could have deposed those who worked with him on the job sites when he got sick and have them describe his physical appearances. Although this evidence would not be objective medical evidence unless one of those individuals happened to also be a medical expert, it might have buttressed Beasley's claim.
 
 
 16
 Because Beasley could procure no objective medical evidence, the district court had to base its decision whether Beasley had established his production burden on the veracity of Beasley's subjective complaints. This decision would be a credibility assessment of Beasley's and Dr. d'Ambrosio's statements and would be inappropriate for summary judgment. However, the district court assumed that Beasley's physical impairment qualified under the ADA but found he was not disabled under the ADA because he submitted no evidence that his symptoms, even when acute, substantially limited a major life activity. Beasley presented no evidence of shortness of breath, hypotension, or other symptoms indicating the substantial limitation of a major life activity. See Roth v. Lutheran General Hospital, 57 F.3d 1446, 1454 (7th Cir.1995). Thus, the district court appropriately granted summary judgment.
 
 D.
 
 17
 Finally, Indiana Bell requests sanctions against Beasley for raising a frivolous appeal. Under Fed.R.App.P. 38, costs and attorney fees are an appropriate sanction "when the result [of the appeal] is obvious or when the appellant's arguments are wholly without merit." Lorentzen v. Anderson Pest Control, 64 F.3d 327, 331 (7th Cir.1995) (quotations omitted). We also require some indication that the appeal was brought in bad faith. Depoister v. Mary M. Halloway Foundation, 36 F.3d 582, 588 (7th Cir.1994); Flaherty v. Gas Research Inst., 31 F.3d 451, 459 (7th Cir.1994). Although Beasley waived two dispositive issue on appeal and thus condemned his appeal to failure, we do not believe it was done in bad faith but upon a misinterpretation of Indiana Bell's statement of issues waived for purposes of summary judgment. We therefore deny Indiana Bell's request for sanctions.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 Beasley argues that Indiana Bell waived the questions of whether he was a qualified individual and whether he was placed on final warning status. He basis this belief on an entry in the record by Magistrate Judge V. Sue Shields stating, "Defendant represents that it seeks summary judgment solely on the grounds that plaintiff is not disabled within the meaning of the ADA and does not seek summary judgment on the ground that a reasonable accommodation was made or upon any other ground." This statement states that Indiana Bell waived its arguments regarding accommodation or other theories which might defeat an ADA claim and concentrated its motion for summary judgment on whether Beasley qualified under the ADA as a disabled person. Indiana Bell divided this question into three parts: whether Beasley's condition of paroxysmal hyperthermia constituted a disability within the meaning of the ADA, whether Beasley qualified as "an individual with a disability" within the meaning of the ADA, and whether Beasley was placed on final warning status because of these disabilities. Each of these questions analyze whether the ADA protects Beasley because of his disability. The district court also interpreted Indiana Bell's statement this way by reaching each of these questions in its decision granting summary judgment
 Although the statement may be read broadly to encompass Beasley's interpretation, we believe that reading is too broad. Further, Beasley should not have relied exclusively on the claim that Indiana Bell waived two issues when Indiana Bell denied waiver and the district court agreed. Beasley did not argue in his appellate brief that the district court erred in interpreting this statement but only summarily stated that that Indiana Bell waived issues two and three. Because we find that Indiana Bell did not waive issues two and three and because Beasley did not address them, Beasley waived those issues on appeal.