114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mack L. SMITH, Plaintiff-Appellant,
v.
MILWAUKEE HOUSING ASSISTANCE CORPORATION, Defendant-Appellee.
 No. 96-3637.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 22, 1997.*
Decided May 22, 1997.
 
 Before POSNER, Chief Circuit Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Mack Smith appeals the district court's entry of summary judgment in favor of the Milwaukee Housing Assistance Corporation ("MHAC") on his claim of race discrimination in the termination of an at-will employment contract. Smith argues that the district court denied him due process when it granted summary judgment against him in reliance upon the affidavit of Perry Harenda, the MHAC's president, and unverified employment applications of two white employees who were hired to replace him. Such reliance, he contends, was fundamentally unfair since he, as an indigent plaintiff, could not afford to depose the affiant or the employees who filled out the applications. We affirm.
 
 
 2
 Smith filed this race discrimination claim under 42 U.S.C. § 1981 after the MHAC terminated his temporary employment as a resident caretaker at an apartment building operated by the MHAC. The district court granted Smith leave to proceed in forma pauperis. The MHAC filed a motion for summary judgment. When Smith failed to counter with appropriate evidence of his own, the district court granted summary judgment, relying, in part, upon Harenda's affidavit, and the two employment applications, which provided a legitimate nondiscriminatory reason for terminating Smith's employment. Smith argues that, given the district court's recognition of his pauper status, entry of summary judgment against him deprived him of due process because he could not afford to depose either Harenda or the two employees.
 
 
 3
 Smith's argument is patently meritless. He seems to suggest that any pro se plaintiff proceeding in forma pauperis is entitled to a jury trial under the Due Process Clause whenever the defendant submits documentary evidence in support of a motion for summary judgment. This cannot be. If indigents have no constitutional right to counsel in a civil case, Farmer v. Haas, 990 F.2d 319, 323 (7th Cir.1993), it follows that they have no right to be exempted from the rigors of the Federal Rules of Civil Procedure. Likewise, if "pro se litigants are not entitled to a general dispensation from the rules of procedure," Jones v. Phipps, 39 F.3d 158, 163 (7th Cir.1994), neither would a class of pro se litigants be immune from the requirements of Rule 56.
 
 
 4
 Nonetheless, given that the need to answer a summary judgment motion with counter-affidavits is " 'contrary to lay intuition,' " Timms v. Frank, 953 F.2d 281, 285 (7th Cir.1992) (citation omitted), we have construed Rule 56 to require that a party filing a motion for summary judgment provide a pro se litigant with the text of Rule 56(e) as well as notice in ordinary English of the consequences of failing to respond properly. Id.; see also E.D.Wis.L.R. 6.04 (summary judgment movant must provide the pro se litigant with the text of Rule 56(e)(f) and notice of the consequences of failing to contradict movant's factual assertions). The MHAC complied with these requirements.
 
 
 5
 Smith was informed that he could have sought a continuance to obtain documentation such as interrogatories or requests for admission to oppose the motion, or he could have submitted his own affidavit refuting statements contained in Harenda's affidavit or the employment applications. See Fed.R.Civ.P. 56(f). The personal affidavit Smith did submit consisted only of assertions that he was able to perform his duties adequately. These conclusory assertions do not challenge the MHAC's factual statements that Smith was terminated, not on account of race, but because of a change in the MHAC's management structure that eliminated the position of resident caretaker in all of its apartment buildings. See Sample v. Aldi, Inc., 61 F.3d 544, 549 (7th Cir.1995) ("To survive summary judgment, [plaintiff] was required to produce evidence that created an issue of fact as to whether the nondiscriminatory reasons were pretextual.... [C]onclusory statements in [plaintiff's] affidavit do not create an issue of fact."); see also Jones v. Merchants Nat'l Bank & Trust Co., 42 F.3d 1054, 1059 (7th Cir.1994) (" 'The object of [Fed.R.Civ.P. 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.").
 
 
 6
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)