Beverly J. HALL, Plaintiff,

v.

BURLINGTON NORTHERN SANTA FE, Defendant.

No. 96 C 8122.

United States District Court, N.D. Illinois, Eastern Division.

Sept. 15, 1997.

Beverly J. Hall, Chicago, IL, pro se.

Robert Sharp, The Sharp Law Offices, P.C., Chicago, IL, for Beverly J. Hall.

John F. Newell, Kenneth John Wysoglad, Robert John Prendergast, Michael J. Sazdanoff, Kenneth J. Wysoglad & Associates, Chicago, IL, for Burlington Northern Santa Fe.

## *MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

The plaintiff, Beverly J. Hall, brought suit against the defendant, Burlington Northern Santa Fe, under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. The defendant moves for summary judgment. For the following reasons, the motion is granted.

### *Background*

The plaintiff, Beverly J. Hall, is an African American female employed by the defendant, Burlington Northern Santa Fe ("Burlington Northern"). Ms. Hall claims that in May, 1994, she applied for the job of Yardmaster at Burlington Northern. Sometime soon after June 8, 1994, Ms. Hall asserts that she became aware that the job of Yardmaster was awarded to Debbie Winters, an allegedly less qualified white female. On November 11, 1994, Ms. Hall filed a complaint with the Equal Employment Opportunity Commission claiming she was discriminated against by Burlington Northern when applying for the Yardmaster job. Ms. Hall received a right to sue letter on September 12, 1996, but waited until December 12, 1996, to bring suit in district court. Burlington Northern now moves for summary judgment claiming Ms. Hall's suit is barred by the statute of limitations.

### *Statute of Limitations*

The parties do not dispute that Section 1981 claims have a two-year statute of limitations and that Ms. Hall did not file her complaint within the limitation period. *See Vore v. Indiana Bell Tel. Co., Inc.*, 32 F.3d 1161, 1163 (7th Cir.1994) ("Section 1981 claims have a two-year statute of limitations period, calculated from the date of the filing of the complaint"). Ms. Hall alleges, however, she only became aware that her pro-

motion denial to Yardmaster was a discriminatory act after she was also denied later promotions that did occur within the two-year statute of limitations. Thus, Ms. Hall argues that her case falls within the scope of the "continuing violation" doctrine.[1] Under the "continuing violation" doctrine, a plaintiff may "get relief for a time-barred act by linking it with an act that is within the limitations period." *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 445 (7th Cir.1994). The theory behind the doctrine is that "the discriminatory nature of an act may only become apparent in light of subsequent acts if an employer follows a covert practice of discrimination." *Hill v. Runyon*, 959 F.Supp. 488, 492 (N.D.Ill.1997) (citation omitted); *see also Galloway v. General Motors Serv. Parts Operations*, 78 F.3d 1164, 1167 (7th Cir.1996) ("The principle that we extract from [the "continuing violation" doctrine] is that the plaintiff may not base [a] suit on conduct that occurred outside the statute of limitations unless it would have been unreasonable to expect the plaintiff to sue before the statute ran on that conduct, as in a case in which the conduct could constitute, or be recognized, as actionable [discrimination] only in light of events that occurred later, within the period of the statute of limitations.").

The "continuing violation" doctrine is not available if the plaintiff "knows or with the exercise of reasonable diligence would have known after each act that it was discriminatory and had harmed [her]." *Moskowitz v. Trustees of Purdue Univ.*, 5 F.3d 279, 282 (7th Cir.1993). This limitation on the doctrine is necessary so the plaintiff does "not sit back and accumulate all the discriminatory acts and sue on all within the statutory period applicable to the last one." *Id.*

The "continuing violation" doctrine is not available to Ms. Hall because she knew or should have known that her promotion denial to Yardmaster was discriminatory at the time it occurred. In November, 1992, almost two years before the allegedly discriminatory

---

1. Although Ms. Hall is the non-movant in this motion for summary judgment, since she claims the benefit of an exception to the statute of limitations she bears the burden of proof to es-

tablish her case falls within the "continuing violation" doctrine. *Mirza v. Department of Treasury*, 875 F.Supp. 513, 518 (N.D.Ill.1995).

act that is the basis of the case currently before me, Ms. Hall filed a different employment-related race discrimination case against Burlington Northern. On June 8, 1994, Ms. Hall and Burlington Northern entered into a settlement and release agreement that disposed of Ms. Hall's first discrimination case. (Def. Ex. C). Thus, in June, 1994, Ms. Hall was not a newcomer to employment discrimination litigation. Also in June, 1994, at nearly the same time the release agreement was signed, Ms. Hall admits she became aware the Yardmaster promotion was awarded to Ms. Winters. *See Jones v. Merchants Nat'l Bank & Trust Co. of Indianapolis,* 42 F.3d 1054, 1058 (7th Cir.1994) (finding "continuing violation" doctrine inapplicable where "each promotion was a discrete decision and [that plaintiff] knew, or should have known, that she had not received the promotion and another person had").

Further, in November, 1994, still more than two years before filing this suit, Ms. Hall filed a right to sue letter with the Equal Employment Opportunity Commission claiming she was discriminated against in seeking promotion to Yardmaster. (Def. Ex. A). This admission indicates that Ms. Hall was aware of the alleged discrimination well before she was denied later promotions.

Based on Ms. Hall's previous experience with employment discrimination litigation, she either was or should have been aware that the discriminatory act against her occurred in June, 1994, when she learned Ms. Winters was promoted to Yardmaster. This is not a situation where the purported discriminatory conduct could only be recognized based on later events by Burlington Northern. Ms. Hall has not presented evidence that indicates Burlington Northern was effectuating a covert practice of discrimination.

Furthermore, the additional evidence presented by Ms. Hall to show that she learned only later that the June, 1994 promotion denial was discriminatory when she was denied later promotions[2] fail to bolster her

position because she has not shown that they were filled by individuals of a different racial classification than Ms. Hall.[3] Thus, there is no evidence to indicate they are part of a "continuing violation" of race-related discrimination.

### Conclusion

Ms. Hall has not proven her claim falls within the "continuing violation" doctrine. Ms. Hall should have known at the time of her denial for the Yardmaster position, a discrete decision by Burlington Northern, that a discriminatory act occurred. Further, she provides no evidence that later promotion failures that do fall within the statute of limitations were race-related. Accordingly, Ms. Hall's claim is barred by the statute of limitations. For the foregoing reasons, Burlington Northern's motion for summary judgment is granted.

---

**2.** These later applications are not the subject of this suit.

**3.** As evidence, Ms. Hall has primarily attached her applications for positions she says she was

denied. (Pl.'s Exs. 1–10). The only letter from Burlington Northern that clearly rejected Ms. Hall for a position is dated outside the limitation period for Ms. Hall's claim. (Pl. Ex. 5A).