**Merlin A. BOHSE, Plaintiff,**

v.

**METROPOLITAN WATER RECLAMATION DISTRICT OF GREATER CHICAGO, Defendant.**

No. 96 C 4920.

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 23, 1998.

Christopher Thomas Theisen, Rainone & Theisen, P.C., Wheaton, IL, Lara A. Walicek, Attorney at Law, Hanover Park, IL, for Plaintiff, Merlin A. Bohse, Chicago, IL, pro se.

Ina S. Winston, Metropolitan Sanitary District of Greater Chicago, James B. Murray, Michael G. Rosenberg, Metropolitan Water Reclamation District of Greater Chicago, Chicago, IL, for Defendant.

## *MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

Plaintiff Merlin Bohse alleges that the Metropolitan Water Reclamation District of Greater Chicago ("District") discriminated against him on the basis of age in violation of the Age Discrimination Employment Act ("ADEA"); on the basis of race in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981; and on the basis of sex in violation of Title VII of the Civil Rights Act of 1964. In addition, Mr. Bohse alleges discrimination on the basis of race, color or national origin pursuant to 42 U.S.C. § 1983. The District seeks summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, the motion is granted.

### *Background*

Generally, on a motion for summary judgment, all material facts and all inferences are construed in the light most favorable to the non-moving party. *Midwest Imports, Ltd. v. Coval,* 71 F.3d 1311, 1313 (7th Cir.1995). However, a departure from that "usual posture" is warranted when a party violates the

local rules governing motions for summary judgment. *Brasic v. Heinemann's, Inc.*, 121 F.3d 281, 284 (7th Cir.1997). Mr. Bohse violated Local Rule 12(N) when he failed to provide a 12(N) statement in response to the District's 12(M) statement.[1] Along with its motion for summary judgment, the District filed the required statement of undisputed material facts setting out in numbered paragraphs, with specific references, the facts supporting its motion. *See id.* at 283. In turn, Local Rule 12(N)[2] required Mr. Bohse to file a concise response to each numbered paragraph in the District's statement, with specific references to affidavits, parts of the record, and other materials supporting the response. N.D. Ill. R. 12(N); *see Brasic*, 121 F.3d at 283. Mr. Bohse filed a memorandum in which he argued several issues and raised factual questions. However, he did not file the required 12(N) statement, and that "constitutes a binding admission" of the facts in the moving party's 12(M) statement. *Brasic*, 121 F.3d at 284. Accordingly, I accept as true all material facts in the District's 12(M) statement. The following background is taken largely from that statement and its attached exhibits.

Mr. Bohse, who was born on January 4, 1946, began working for the District as an assistant civil engineer on June 1, 1971. He was promoted to associate civil engineer in 1973, and is currently a senior civil engineer with the District following a promotion on May 26, 1997.

Mr. Bohse alleges that the District discriminated against him on two occasions in 1994 when it passed him over and named two younger men senior civil engineers. On July 21, 1994, Al Eswani, an Asian–American male born on November 17, 1956, was promoted to senior civil engineer. (12(M) ¶¶ 6, 12.) The second promotion occurred on December 2, 1994, when George Lagorio, a Caucasian male born on February 24, 1961, was named a senior civil engineer. (12(M) ¶¶ 7, 13.) Mr. Bohse knew of Mr. Eswani's promotion by August 1, 1994, and he knew of Mr. Lagorio's by the middle of December. (12(M) ¶¶ 6–7.) During the period between those two promotions, the District named two employees over age 50 to senior civil engineer positions. (12(M) ¶ 17.)

Mr. Bohse also claims there was discrimination in the District's failure to promote him during the period from December 1994 through May 27, 1995. In fact, the District did not name anyone a senior civil engineer from mid-December 1994 to May 27, 1995. (12(M) ¶ 15.)

Mr. Bohse, Mr. Eswani and Mr. Lagorio all passed the District's 1992 senior civil engineer promotional examination. As a result, their names were placed on a list of candidates eligible for promotion to senior civil engineer. Mr. Bohse, Mr. Eswani and Mr. Lagorio all placed in the "well qualified," or "B" category on the list, which expired on May 27, 1995. (12(M) ¶ 1.)

In determining which candidate to hire for the July 1994 senior civil engineer opening, John Lattyak, a supervising civil engineer, interviewed each of the 10 eligible candidates. He also ranked them numerically on a matrix which included factors such as "education," "field construction experience," and "communication skills." (12(M) ¶ 19, Ex. I at

1. Under the Local Rules of the United States District Court for the Northern District of Illinois, Local Rule 12(M) requires a party moving for summary judgment to file, *inter alia*, "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." That statement "shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." N.D. Ill. R. 12(M).

2. Local Rule 12(N) requires a party opposing a motion for summary judgment to file, *inter alia*, a concise response to the moving party's statement which shall contain "a response to each numbered paragraph in the moving party's statement, including in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." Also to be filed is "a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon." Rule 12(N) states further that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." N.D. Ill. R. 12(N).

Ex. D.) Mr. Eswani, the candidate chosen for that position, ranked first on the matrix. (12(M) ¶ 24.) A similar procedure was used for the December opening. Nicholas Venuso, a principal civil engineer, interviewed the remaining eligible candidates by telephone. Mr. Venuso also used an updated version of the matrix Mr. Lattyak had used. The person who ranked first on that matrix, Mr. Lagorio, was selected for the December position. (12(M) ¶¶ 21, 24.)

On both matrixes, the category "field construction experience" is broken into two subcategories: "plant" and "other." The updated matrix altered the point distribution between those two, weighting "plant" experience more heavily because the District was seeking someone with plant construction experience for the December position.[3] (12(M) ¶ 22.) Mr. Bohse had no such experience, having spent his entire District career as an engineer in sewer construction.[4] (12(M) ¶ 29.) Mr. Lagorio, on the other hand, did have plant construction experience. (12(M) ¶ 27.) As a result of the point distribution change, Mr. Bohse's "field construction experience" score dropped from 14 to 12. (Pl.'s Resp. to Def.'s Mot. for Summ. J. at 6.)

In addition, Mr. Venuso raised Mr. Lagorio's "initiative" score by 1.5 points and lowered Mr. Bohse's score in "communication skills" by one point. (Pl.'s Resp. to Def.'s Mot. for Summ. J., Ex. C, D.) Mr. Venuso said he raised Mr. Lagorio's "initiative" score because Mr. Lagorio had worked for him previously, and Mr. Venuso felt that score "warranted upgrading." (12(M) Ex. H at 36.) Mr. Venuso could not recall specifically why he lowered Mr. Bohse's "communication skills" score, but said it must have been "something" that "came across" in his telephone interview with Mr. Bohse. *Id.* at 38. As a result of the changes, Mr. Lagorio ranked higher than Mr. Bohse in the updated matrix, whereas he had ranked lower than

Mr. Bohse in the original matrix. (Pl.'s Resp. to Def.'s Mot. for Summ. J. at 6, Ex. C, D.)

### Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In other words, summary judgment must be granted "if no rational jury could, on the evidence presented in the summary judgment proceeding, find for the party opposing summary judgment." *Mills v. First Fed. Sav. & Loan Ass'n,* 83 F.3d 833, 846 (7th Cir.1996). The evidence relied upon by either party must be "of a type otherwise admissible at trial." *Bombard v. Fort Wayne Newspapers, Inc.,* 92 F.3d 560, 562 (7th Cir.1996).

### Statute of Limitations

The District argues that Mr. Bohse's age discrimination claims are time-barred because they were not timely filed. In Illinois, an employee may bring an age discrimination claim under the ADEA only if he files a charge with the EEOC "within 300 days after the alleged unlawful practice occurred." 29 U.S.C. § 626(d)(2); *Hamilton v. Komatsu Dresser Indus.,* 964 F.2d 600, 603 (7th Cir. 1992). The limitations period begins to run at the time of the discriminatory acts. *Hamilton,* 964 F.2d at 603 (quoting *Delaware State College v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980)). However, under the "discovery rule" of federal common law, which is read into statutes of limitations in federal-question cases, the beginning of the limitations period is postponed "from the date when the plaintiff is wronged to the date when he discovers he has been injured."

---

**3.** The July position also was for someone with plant construction experience. (12(M) ¶ 20.) Mr. Lattyak acknowledged that such experience should have been weighted more heavily in the original matrix as well. (Def.'s Reply to Pl.'s Resp. to Def.'s Mot. for Summ. J. at 5; 12(M) Ex. D at 54.) Mr. Eswani, the person selected for

that position, had plant construction experience. (12(M) ¶ 26.)

**4.** The senior civil engineer position to which Mr. Bohse was promoted in 1997 is in sewer construction. (12(M) ¶ 29.)

*Cada v. Baxter Healthcare Corp.,* 920 F.2d 446, 450 (7th Cir.1990). Mr. Bohse knew of Mr. Eswani's July 21 promotion by August 1, 1994, and he knew of Mr. Lagorio's December 2 appointment by the middle of that month. Mr. Bohse clearly was aware he had been passed over for promotion on both of those dates. However, he did not file his EEOC discrimination charge until December 29, 1995, which is more than 300 days after the middle of December 1994. Furthermore, there were no promotions made between the middle of December 1994 and May 27, 1995. The failure to make any promotions cannot support a claim for discrimination. *Von Zuckerstein v. Argonne Nat'l Lab.,* 984 F.2d 1467, 1472–73 (7th Cir.1993).

Mr. Bohse argues that the District's discrimination against him was a "continuing violation" which did not end until May 27, 1995, when the 1992 promotion eligibility list expired. He contends it was not until then that he knew he would not be promoted. Mr. Bohse asserts he was told he would be considered for promotion vacancies which became available prior to May 27, 1995, and was never told he would not be promoted. In an affidavit, he also states that beginning in August 1994, he was allowed use of a company car, a "perk" normally reserved for senior civil engineers. (Bohse Aff., Ex. A., ¶ 5.)

The Seventh Circuit recognizes three different continuing-violation theories. The first "encompasses decisions ... where the employer's decision-making process takes place over a period of time, making it difficult to determine the actual date of the allegedly discriminatory act." *Jones v. Merchants Nat'l Bank & Trust Co.,* 42 F.3d 1054, 1058 (7th Cir.1994). The second theory "involves an employer's express, openly espoused policy that is alleged to be discriminatory." *Id.* The third applies "where an employer covertly follows a practice of discrimination over a period of time." *Id.* In such a covert practice case, "the plaintiff can only realize that she is a victim of discrimination after a series of discrete acts has occurred." *Id.*

■ Neither the first nor the second theory applies here. First, it was not difficult for Mr. Bohse to determine the exact date of the allegedly discriminatory acts. They occurred when Mr. Eswani and Mr. Lagorio were promoted. Second, Mr. Bohse has shown no evidence of an "express, openly espoused policy" of discrimination. Under the third theory, there is no continuing violation "if the plaintiff knew, or 'with the exercise of reasonable diligence would have known after each act [of defendant] that it was discriminatory and had harmed' her." *Jones,* 42 F.3d at 1058. In such a case, the plaintiff must sue over each act within the relevant statute of limitations. *Id.* That is the situation here. Mr. Bohse knew the promotions of Mr. Eswani and Mr. Lagorio were allegedly discriminatory. Just as in *Jones,* "each promotion was a discrete decision and each time [Mr. Bohse] knew ... that [he] had not received the promotion and another person had." *Id.* Therefore, the continuing violation theory does not apply, and Mr. Bohse's age discrimination claims thus are time-barred.

### Equitable Estoppel

Mr. Bohse argues in the alternative that the doctrine of equitable estoppel should toll the limitations period. He argues that he was "repeatedly assured that he would be promoted" and was allowed the use of a company car, a benefit reserved for senior civil engineers. (Pl.'s Resp. to Def.'s Mot. for Summ. J. at 3–4.) He also claims that a position Mr. Bohse allegedly had been promised remained open. *Id.* at 4.

■ The District counters that the persons who allegedly made promises to Mr. Bohse (his area supervisor and his immediate supervisor) did not promise him the general superintendent would promote him. Under 70 ILCS 2605/4, the statute which governs the District, it is the general superintendent who has appointing authority. Neither Mr. Bohse's area supervisor nor his immediate supervisor had authority to bind the District in this situation. Further, equitable estoppel applies only "if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Cada,* 920 F.2d at 450–51. The actions alleged by Mr. Bohse do not rise to such a level. They do not constitute "ef-

forts by the defendant—above and beyond the wrongdoing upon which the plaintiff's claim is founded—to prevent the plaintiff from suing in time." *Cada,* 920 F.2d at 451.[5]

### Section 1981

Under 42 U.S.C. § 1981, a plaintiff may prove discrimination in one of two ways.[6] He may either offer direct evidence of discriminatory intent, or he may use the indirect, burden-shifting method originally set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Mr. Bohse has offered no direct evidence of race discrimination, so he must use the indirect, burden-shifting method of proof. First, he must establish a prima facie case of discrimination. He must prove by a preponderance of the evidence (1) that he is a member of a protected group, (2) that he applied for and was qualified for the positions (or promotions) sought, (3) that he was rejected for the promotions, and (4) that employees younger than he (or of a different race) were granted the promotions. *Von Zuckerstein,* 984 F.2d at 1472–73. Mr. Bohse is a white male, but Title VII protects members of the white majority from race-based discrimination as well as those of minority races. *McDonald v. Santa Fe Trail Transp. Co.,* 427 U.S. 273, 278–79, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976). The District concedes that Mr. Bohse could establish a prima facie case of race discrimination as to Mr. Eswani's promotion.

Once a plaintiff establishes a prima face case, the burden of production (but not persuasion) shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. *Sirvidas v. Commonwealth Edison Co.,* 60 F.3d 375, 377–78 (7th Cir. 1995). If a legitimate explanation is provided, the burden shifts back to the plaintiff to show that the employer's proffered reasons are a pretext for discrimination. *Id.* at 378. A plaintiff can show pretext either by presenting direct evidence that a discriminatory reason motivated the employer's decision, or by presenting evidence that the employer's proffered reason is unworthy of credence. *Essex v. United Parcel Serv., Inc.,* 111 F.3d 1304, 1310 (7th Cir.1997). In considering pretext, the central question is not whether the employer's reasons were correct or desirable, but whether the employer honestly believed in the reasons it offered. *McCoy v. WGN Continental Broad. Co.,* 957 F.2d 368, 373 (7th Cir.1992).

The District has articulated legitimate, nondiscriminatory reasons for selecting Mr. Eswani for promotion and not Mr. Bohse. Mr. Eswani ranked highest on the matrix which reflected results of interviews for the July 1994 position. In addition, the position called for a person with experience in treatment plant construction. Mr. Eswani had such experience, while Mr. Bohse did not. In his comments to the July matrix, Mr. Lattyak wrote that Mr. Eswani had "good technical and communication skills" and "good resident engineer skills." His comment about Mr. Bohse was that he had "good construction background, but lacks treatment plant experience." (12(M) Ex. D at Ex. 7.) Mr. Bohse has provided no evidence that would show pretext with respect to this promotion.[7]

### Conclusion

For the foregoing reasons, the District's motion for summary judgment is granted as to all claims.

---

5. For the same reasons as those set forth above regarding Mr. Bohse's age discrimination claims, I find that his race discrimination claims under Title VII are time-barred as well. *Cecilio v. Allstate Ins. Co.,* 908 F.Supp. 519 (N.D.Ill.1995) (applying 300–day limitations period to claim alleging national-origin discrimination under Title VII and age discrimination under ADEA).

6. In its reply brief, the District argues that Mr. Bohse's allegation of race discrimination in connection with the July 1994 promotion of Mr. Eswani is time-barred. However, the District did not move for summary judgment on this basis. The argument has not therefore been considered.

7. Mr. Bohse's complaint also alleges discrimination based on race, color or national origin under 42 U.S.C. § 1983. He did not respond to the District's arguments in its motion seeking judgment on the basis that there could be no liability under that section on these facts. I agree.