[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1496

SHEIKH BASHIR AHMED, M.D.,

Plaintiff, Appellant,

v.

BERKSHIRE MEDICAL CENTER, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Frank H. Freedman, Senior U.S. District Judge]

Before

Selya, Circuit Judge,
Bownes, Senior Circuit Judge,
and Stahl, Circuit Judge.

Sheikh Bashir Ahmed on brief pro se.
John F. Rogers, Kevin M. Kinne and Cain, Hibbard, Myers & Cook
on Memorandum in Support of Motion for Summary Disposition for
appellee.

October 5, 1999

Per Curiam. Plaintiff Sheikh Bashir Ahmed, M.D. was
hired in 1991 by defendant Berkshire Medical Center (BMC), a
teaching hospital affiliated with the University of
Massachusetts medical school, for a one-year position as a
second-year medical resident. He was discharged some eight
months later, allegedly because of unsatisfactory performance. 
Claiming wrongful termination, plaintiff brought this pro se
action seeking relief on various federal and state law grounds. 
He now appeals from an award of summary judgment for defendant. 
Although a number of issues have been raised, the appeal
effectively hinges on a pair of procedural rulings made by the
district court. We find no error in those respects and
otherwise affirm substantially for the reasons recited by the
district court. 
Plaintiff first contends that the district court
erred in denying his request to extend the discovery deadline. 
"We will overturn a court's denial of a motion to extend
discovery only for abuse of discretion." Pilgrim v. Trustees
of Tufts College, 118 F.3d 864, 869 (1st Cir. 1997). No such
abuse is apparent here. Plaintiff's principal complaint in
this regard was that defendant refused to produce requested
documents. Yet that accusation was never substantiated and,
even if true, would not have precluded plaintiff from engaging
in discovery. His related complaint about defendant's
allegedly "evasive" answers to interrogatories is similarly
unavailing. And plaintiff's final objection--that defendant
and others had subjected him to "oppressive" lawsuits in
various forums--overlooks the fact that it was he who initiated
those actions.
Plaintiff also challenges the court's allowance of
defendant's motion to strike portions of his summary judgment
affidavit. The provisions in question, the court ruled,
consisted variously of hearsay statements or legal conclusions
or speculative assertions--and thus did not satisfy the
standards of personal knowledge, admissibility and competence
required by Fed. R. Civ. P. 56(e). See, e.g., Vazquez v.
Lopez-Rosario, 134 F.3d 28, 33 (1st Cir. 1998) ("Evidence that
is inadmissible at trial, such as inadmissible hearsay, may not
be considered on summary judgment."). We perceive no error. 
"The object of [Rule 56(e)] is not to replace conclusory
allegations of the complaint ... with conclusory allegations of
an affidavit." Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 6
(1st Cir. 1998) (quoting Jones v. Merchants Nat'l Bank & Trust
Co. of Indianapolis, 42 F.3d 1054, 1059 (7th Cir. 1994)). Yet
that is essentially what plaintiff has done. His insistence
that he had "personal and sensory knowledge" of all the recited
facts does not overcome their conclusory or hearsay nature. 
Nor has any foundation been established for invoking Fed. R.
Evid. 801(d)(2)(D). 
Plaintiff's substantive claims consist of allegations
that defendant: discriminated against him on the basis of
national origin, in violation of Title VII of the Civil Rights
Act of 1964 and 42 U.S.C. 1981, 1983 & 1985(3); deprived him
of property without due process of law; breached his employment
contract; and harmed his professional reputation. Based on the
lopsided factual record presented, these claims all prove
clearly meritless. We affirm the dismissal thereof
substantially for the reasons enumerated by the district court. 
With respect to the due process claim, we add that no need
arises to determine whether BMC was a "state actor," inasmuch
as the four-step review procedure provided plaintiff with all
process that was due. See, e.g., Hankins v. Temple University,
829 F.2d 437, 444-45 (3d Cir. 1987). For the reasons cited
below, we also find no error in the court's denial of
plaintiff's motion to amend his complaint.
Affirmed. See Loc. R. 27.1. The motion to
supplement evidence on appeal is denied, and the motion to
"discard affidavit" is denied as moot.