USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1496

 SHEIKH BASHIR AHMED, M.D.,

 Plaintiff, Appellant,

 v.

 BERKSHIRE MEDICAL CENTER, INC.,

 Defendant, Appellee.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Frank H. Freedman, Senior U.S. District Judge]
 

 Before

 Selya, Circuit Judge,
 Bownes, Senior Circuit Judge,
 and Stahl, Circuit Judge.
 
 
 
 
 
 Sheikh Bashir Ahmed on brief pro se.
 John F. Rogers, Kevin M. Kinne and Cain, Hibbard, Myers & Cook
on Memorandum in Support of Motion for Summary Disposition for
appellee.

October 5, 1999

 
 
 Per Curiam. Plaintiff Sheikh Bashir Ahmed, M.D. was
 hired in 1991 by defendant Berkshire Medical Center (BMC), a
 teaching hospital affiliated with the University of
 Massachusetts medical school, for a one-year position as a
 second-year medical resident. He was discharged some eight
 months later, allegedly because of unsatisfactory performance. 
 Claiming wrongful termination, plaintiff brought this pro se
 action seeking relief on various federal and state law grounds. 
 He now appeals from an award of summary judgment for defendant. 
 Although a number of issues have been raised, the appeal
 effectively hinges on a pair of procedural rulings made by the
 district court. We find no error in those respects and
 otherwise affirm substantially for the reasons recited by the
 district court. 
 Plaintiff first contends that the district court
 erred in denying his request to extend the discovery deadline. 
 "We will overturn a court's denial of a motion to extend
 discovery only for abuse of discretion." Pilgrim v. Trustees
 of Tufts College, 118 F.3d 864, 869 (1st Cir. 1997). No such
 abuse is apparent here. Plaintiff's principal complaint in
 this regard was that defendant refused to produce requested
 documents. Yet that accusation was never substantiated and,
 even if true, would not have precluded plaintiff from engaging
 in discovery. His related complaint about defendant's
 allegedly "evasive" answers to interrogatories is similarly
 unavailing. And plaintiff's final objection--that defendant
 and others had subjected him to "oppressive" lawsuits in
 various forums--overlooks the fact that it was he who initiated
 those actions.
 Plaintiff also challenges the court's allowance of
 defendant's motion to strike portions of his summary judgment
 affidavit. The provisions in question, the court ruled,
 consisted variously of hearsay statements or legal conclusions
 or speculative assertions--and thus did not satisfy the
 standards of personal knowledge, admissibility and competence
 required by Fed. R. Civ. P. 56(e). See, e.g., Vazquez v.
 Lopez-Rosario, 134 F.3d 28, 33 (1st Cir. 1998) ("Evidence that
 is inadmissible at trial, such as inadmissible hearsay, may not
 be considered on summary judgment."). We perceive no error. 
 "The object of [Rule 56(e)] is not to replace conclusory
 allegations of the complaint ... with conclusory allegations of
 an affidavit." Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 6
 (1st Cir. 1998) (quoting Jones v. Merchants Nat'l Bank & Trust
 Co. of Indianapolis, 42 F.3d 1054, 1059 (7th Cir. 1994)). Yet
 that is essentially what plaintiff has done. His insistence
 that he had "personal and sensory knowledge" of all the recited
 facts does not overcome their conclusory or hearsay nature. 
 Nor has any foundation been established for invoking Fed. R.
 Evid. 801(d)(2)(D). 
 Plaintiff's substantive claims consist of allegations
 that defendant: discriminated against him on the basis of
 national origin, in violation of Title VII of the Civil Rights
 Act of 1964 and 42 U.S.C. 1981, 1983 & 1985(3); deprived him
 of property without due process of law; breached his employment
 contract; and harmed his professional reputation. Based on the
 lopsided factual record presented, these claims all prove
 clearly meritless. We affirm the dismissal thereof
 substantially for the reasons enumerated by the district court. 
 With respect to the due process claim, we add that no need
 arises to determine whether BMC was a "state actor," inasmuch
 as the four-step review procedure provided plaintiff with all
 process that was due. See, e.g., Hankins v. Temple University,
 829 F.2d 437, 444-45 (3d Cir. 1987). For the reasons cited
 below, we also find no error in the court's denial of
 plaintiff's motion to amend his complaint.
 Affirmed. See Loc. R. 27.1. The motion to
 supplement evidence on appeal is denied, and the motion to
 "discard affidavit" is denied as moot.