**Nellie BRASIC, Plaintiff–Appellant,**

v.

**HEINEMANN'S INC., Bakeries, Defendant–Appellee.**

No. 96–3559.

United States Court of Appeals, Seventh Circuit.

Argued May 30, 1997.

Decided July 30, 1997.

John F. O'Meara (argued), Park Ridge, IL, for plaintiff–appellant.

James A. Spizzo, Nancy M. Gerrity (argued), Vedder, Price, Kaufman & Kammholz, Chicago, IL, for defendant–appellee.

Before EASTERBROOK, RIPPLE, and MANION, Circuit Judges.

MANION, Circuit Judge.

Nellie Brasic, while employed at Heinemann's Bakeries, slapped co-worker Nicholas Lemus in the face. Heinemann's prohibits its employees from assaulting one another or fighting on company property, conduct which, according to the "Rules and Regulations for Heinemann's Employees," will result in "immediate termination for a first offense." Brasic was terminated the same day. Her union filed a grievance on her behalf; Heinemann's upheld Brasic's termination.

After receiving the EEOC's Notice of Right to Sue, Brasic sued under Title VII of the Civil Rights Act of 1964 alleging that she had been a victim of sex discrimination. According to her complaint, Brasic was terminated for conduct for which Heinemann's would not have terminated a male employee.[1]

■ In response to Brasic's allegations Heinemann's asserted what it termed a legitimate nondiscriminatory business reason for terminating Brasic—violation of the company's "no-hitting" rule—and moved for summary judgment. Brasic now alleges numerous instances where male employees were involved in fights and altercations and were not terminated. These reveal, she argues, that the distinguishing feature of her termination was that she was female. The overriding problem for Brasic is that she failed to properly set out these alleged facts to counter Heinemann's motion for summary judgment. Along with its motion for summary judgment, Heinemann's filed its statement of undisputed material facts setting out in numbered paragraphs, with specific page and paragraph cites, the facts supporting summary judgment. This procedure was in line with Local Rule 12(M).[2] In turn, in order to oppose Heinemann's motion, Local Rule 12(N) required Brasic to file a concise response to Heinemann's 12(M) statement with specific references to affidavits, parts of the record, and other supporting materials supporting her response.[3] Further, if she

---

1. In her complaint Brasic also alleged sexual harassment. She subsequently withdrew these claims in her response to Heinemann's motion for summary judgment and they are not at issue on appeal.

2. United States District Court for the Northern District of Illinois' Local General Rule 12(M) requires:

Motions for Summary Judgment; Moving Party. With each motion for summary judgment filed pursuant to Fed.R.Civ.P. 56 the moving party shall serve and file:

(1) any affidavits and other materials referred to in Fed.R. Civ. P. 56(e);

(2) a supporting memorandum of law;

(3) a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law, and that also includes:

(a) a description of the parties, and

(b) all facts supporting venue and jurisdiction in this Court.

The statement referred to in (3) shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion.

If additional material facts are submitted by the opposing party pursuant to section N of this rule, the moving party may submit a concise reply in the form prescribed in section N for a response. All material facts set forth in the statement filed pursuant to section N(3)(b) will be deemed admitted unless controverted by the statement of the moving party.

3. Local General Rule 12(N) requires:

Motions for Summary Judgment; Opposing Party. Each party opposing a motion filed pursuant to Fed.R.Civ.P. 56 shall serve and file:

(1) any opposing affidavits and other materials referred to in Fed.R.Civ.P. 56(e);

(2) a supporting memorandum of law; and

(3) a concise response to the movant's statement that shall contain:

(a) a response to each numbered paragraph in the moving party's statement, including, in

wished to submit additional facts which would require the court to deny Heinemann's motion for summary judgment, Brasic was required to file her own statement with the required supporting references. Brasic did neither. First, she filed a memorandum in opposition to summary judgment with no record cites, exhibits, or statements of fact. With leave of court, Brasic filed a "corrected" memorandum along with a rule 12(N)(3)(a) response to Heinemann's motion. But the district court "[did] not consider any of the facts stated in plaintiff's memorandum in response to defendant's motion for summary judgment that [were] not properly included and supported by citation to supporting materials in either the rule 12(M) statement of defendant or the rule 12(N) statement of the plaintiff." September 10, 1996, District Court Order. The court determined that:

> The uncontested facts establish that defendant had policies, partly in writing and partly not in writing, that (1) any employee who hit another employee would be terminated and (2) termination would be imposed only if [the] alleged hitter admitted hitting the other employee or the alleged hittee's claim to have been hit by the alleged hitter was corroborated by one or more third parties to the incident. The facts properly established in the Rule 12(M) and (N) statements support defendant's contention that these policies were uniformly enforced.

*Id.* Accordingly, the district court entered summary judgment for Heinemann's.

Brasic filed a motion for reconsideration which the district court denied: "Based upon the 12(M) and 12(N) statements that were filed in this matter which, of course, are extraordinarily important in a motion for summary judgment, the Court is going to deny the motion to reconsider."

Brasic appeals, arguing that she "adequately responded to the facts asserted by the defendant pursuant to Local Rule 12(M),"

and citing what she claims are multiple instances where the "no-hitting" rule was not applied to similarly situated male Heinemann's employees.

■ Of course we usually review an entry of summary judgment by construing the facts and inferences most favorably to the non-moving party. But where that party has not followed the local rules requiring a response, supported by appropriate citations to the record, to each uncontested fact asserted in the movant's 12(M) statement, the moving party's facts remain uncontested. *Midwest Imports, Ltd. v. Coval,* 71 F.3d 1311, 1313 (7th Cir.1995). Under rule 12(N), a failure to properly contest in the 12(N) statement material facts set out in the movant's 12(M) statement, constitutes a binding admission of those facts. Id. In such a case, we "depart from our usual posture of construing all facts in favor of the nonmoving party; rather we accept as true all material facts contained in [the moving party's] 12(m) statement." *Id.* (quoting *Johnson v. Gudmundsson,* 35 F.3d 1104, 1108 (7th Cir.1994)). Accordingly, as did the district court, we accept as true all material facts contained in Heinemann's 12(M) statement that were supported by citations to the record but were not contested in accordance with rule 12(N). Thus we consider Heinemann's submitted material facts that are uncontested by "specific references to the affidavits, parts of the record, and other supporting material," Local General Rule 12(N)(3)(a), and we do not consider Brasic's additional facts that are not supported by similar references. Local General Rule 12(N)(3)(b).

■ The burden in this case rests on Brasic. In response to her accusation that she was terminated because she was female, Heinemann's submitted what it considered a legitimate, nondiscriminatory business reason for her termination. Under the *McDon-*

---

the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and

  (b) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, in-

cluding references to the affidavits, parts of the record, and other supporting materials relied upon. All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.

*nell Douglas*[4] burden-shifting approach, see, e.g., *Bahl v. Royal Indemnity Company*, 115 F.3d 1283, 1290 (7th Cir.1997), the burden shifted to Brasic to proffer some evidence supporting her contention that Heinemann's business reason was not true—that it was pretextual. "[T]he plaintiff always has the ultimate responsibility of proving that [s]he was the victim of intentionally discriminatory conduct by [her] employer." *Id.*

Brasic has failed to meet that burden for several reasons. In its 12(M) statement, with record references supported by citation to page and paragraph numbers, Heinemann's specifically set out that it has written rules and regulations. Brasic acknowledged receiving a copy of the regulations, which prohibit among other things assaulting an employee or fighting on company property. Any violation results in immediate termination on a first offense. ¶¶ 32, 34. Heinemann's further asserted that Brasic struck Lemus on the face, and that Brasic admitted she had done so. ¶¶ 43, 45. Lowell Lindholm, Heinemann's plant manager, made the decision to terminate Brasic because she had slapped Lemus; Brasic's gender played no role in that decision. ¶¶ 8, 56. A grievance meeting relating to Brasic's termination was held in Lindholm's office attended by Brasic, management, and union representatives. ¶ 61. Following the grievance meeting, Brasic's gender also played no role in Lindholm's decision to uphold her termination. ¶ 64. Heinemann's company records, prepared by Lindholm, show that Brasic was terminated for "fighting on company property" and because she "struck another employee." ¶ 65.

As further evidence that its no-hitting rule was the legitimate business reason for Brasic's termination, Heinemann's submitted that in December of 1988, it discharged Brian Clark and Juan Taberes, both males, for fighting because they had been hitting each other on company property. para.¶ 42.

These facts are all material to the issue of whether Heinemann's had a legitimate business reason for terminating Brasic; uncontested they are definitive. Brasic argues they were not uncontested. If we look at

Brasic's corrected 12(N) response we find the following: She admitted ¶¶ 8, 32, 33, 34, and 65. Cryptically, she asserted that ¶ 45 was repetitious of ¶ 45. Brasic contested ¶ 56: "Paragraph 56 is false; Lindholm ultimately terminated the plaintiff but he did so under circumstances he would not terminate a male. (See all exhibits)." She similarly challenged ¶ 64: "Despite what he heard at the hearing, Lindholm terminated the plaintiff; gender was the significant factor in his decision. (see all exhibits)." Finally, Brasic admitted ¶ 42, "but affirmatively states that there were other males who struck others or fought other employees and did not get fired (See deposition of Caroline Seestadt Exhibit C; grievance report of Gregarion Gonzales and deposition of Davis Fair Exhibit I and affidavit of James McQuaid Exhibit M)."

■ The two volumes of exhibits that accompany this case are not numbered sequentially, but when placed together they constitute three-and-a-quarter inches of paper totaling roughly 750 pages. For Brasic to deny a paragraph of Heinemann's 12(M) statement with the direction to the court to "see all exhibits," does not approach 12(N)'s mandate. The rule requires *specific* references to affidavits and parts of the record, not to entire affidavits or, in this case, the entire record. In citing to everything ("all exhibits"), Brasic specifically cites to nothing. Brasic's response to paragraph 42 is only slightly more helpful. The exhibits cited (C, I, and M) total 148 pages, all but 2 of them deposition transcripts.

■ "It is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Richards v. Combined Ins. Co. of America*, 55 F.3d 247, 251 (7th Cir.1995). This circuit has consistently upheld strict enforcement of rule 12(N). *See Wienco, Inc. v. Katahn Associates, Inc.*, 965 F.2d 565, 567–68 (7th Cir.1992) (stating such), *Schulz v. Serfilco, Ltd.*, 965 F.2d 516, 519 (7th Cir.1992) (citing cases). "We have endorsed the exacting obligation these rules

4. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

impose on a party contesting summary judgment to highlight which factual averments are in conflict as well as what record evidence there is to confirm the dispute...." *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921–22 (7th Cir.1994). We repeatedly have sustained entry of summary judgment where "the nonmovant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts." *Id.* at 922 (citing cases). This is such a case.

In addition, Brasic failed to set out additional facts she wished the district court to consider in a separate 12(N) statement with short numbered paragraphs and appropriate specific references to the record. See Local General Rule 12(N)(b), *supra* at note 3. She wanted the district court to consider a number of incidents in which male Heinemann's employees allegedly violated the company rules prohibiting assaults but were not discharged. She claimed in her response to Heinemann's motion for summary judgment that these employees were similarly situated to her but were not terminated because they were male, suggesting that her termination was because she was female. These allegations, the factual details of the incidents, and specific references to that portion of the record sustaining the allegations were all absent. Brasic filed no separate 12(N) statement at all. Accordingly there was nothing for the district court to consider.

As a result of Brasic's failure to comply with Local General Rule 12(N), the district court only had before it the facts set out above derived from Heinemann's 12(M) statement. And those facts, supported by the record, demonstrate that Heinemann's had a no-hitting rule with termination on a first offense and that Brasic was terminated after she violated that rule when she struck Lemus in the face. "[Brasic's] failure to comply with the local rule was ... not a harmless technicality, but a mistake that our precedents (for good reason) have deemed fatal." *Waldridge,* 24 F.3d at 924. By failing to comply with local rule 12(M), Brasic was unable to sustain her burden of presenting evidence that Heinemann's business reason was pretextual; the district court had no choice but to enter summary judgment for Heinemann's.

■ While we review a district court's entry of summary judgment *de novo, Richards,* 55 F.3d at 251, as noted above, "it is not our task ... to scour the record" in search of genuine issues of material fact that were not correctly presented to the district court. *Id.* Nevertheless, we have looked at some of the evidence Brasic claims would have demonstrated that Heinemann's legitimate business reason was pretextual. On appeal, Brasic has provided this court with the specific references to the record missing from her rule 12(N) filing in district court.[5] Having examined the record references now submitted by Brasic, we find no admissible or relevant evidence contesting Heinemann's legitimate business reason for terminating her.

■ Brasic's case essentially rests on the deposition transcript of Caroline Seestadt, a Heinemann's employee who testified about several cases in which she claims male employees violated the no-hitting rule and were not terminated. But in each case, Seestadt stops short of testifying to any actual knowledge about the investigation and/or punishment of these violations. Seestadt does not allege that management personnel responsible for enforcing the rules were aware of the incidents. In fact, in some instances she admits they were not. Nor does she know whether the accused admitted or denied the incident, or what if anything witnesses to the events told management. Seestadt herself does not claim she ever informed management of the incidents she had witnessed. Additionally, a number of the incidents testified to by Seestadt, in addition to constituting inadmissible hearsay evidence, were entirely irrelevant to the question of whether Heinemann's terminated employees for hitting other employees on company property. Examples of such incidents are Seestadt's allegations of threats made by male employees, both verbal and physical, as well as incidents occurring off company property.

---

5. For example, rather than being directed to "deposition of Caroline Seestadt Exhibit C," we are directed to such references as "Exhibit C pp. 31–35, 110–12, 114–15."

In one incident, on which Brasic places much weight, one male employee struck another and was not fired. But the employee who had been struck subsequently retracted his accusation and there had been no witnesses to the incident. This was not comparable to Brasic's case—she admits having struck Lemus. We are not even sure that a single incident where management failed to enforce its own rules rebuts their status as a legitimate business reason for an employee's termination, especially where, as here, the plaintiff has acknowledged their existence and admitted she violated them. We have consistently held that the courts must avoid stepping into the role of super personnel manager and must not second guess legitimate business decisions. *Rand v. CF Industries, Inc.*, 42 F.3d 1139, 1146 (7th Cir.1994); cf. *Kralman v. Illinois Dept. of Veterans' Affairs*, 23 F.3d 150, 157 (7th Cir.1994) (employer is entitled to make mistake or exercise poor judgment so long as it honestly believes in reason offered for making decision).

The only evidence of an incident similar to Brasic's was one in which two employees hit each other and admitted the fact after management was informed of the incident. Both employees were terminated immediately, just as was Brasic. Brasic acknowledges Heinemann's enforced its explicit and straightforward no-hitting rule in that instance. Absent any evidence to the contrary, the district court was correct to conclude that Heinemann's terminated Brasic for the same violation. In short, Heinemann's would have been entitled to summary judgment even had Brasic's evidence been submitted in compliance with local rules.

Accordingly we affirm the district court's entry of summary judgment for Heinemann's.