132 F.3d 36
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Abdul AZIZ, Plaintiff-Appellant,
v.
TRI-STATE UNIVERSITY, Defendant-Appellee.
 No. 97-2712.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1997.*
Decided Dec. 16, 1997.
Rehearing Denied March 6, 1998.
 
 Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division, No. 96 C 286; William C. Lee, Chief Judge.
 Before POSNER, Chief Judge, and BAUER and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Abdal Aziz, a sixty-three.-year-old Bangladesh national, sued Tri-State University (Tri-State) for discrimination on the basis of national origin pursuant to Tile VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and on the basis of age pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, after Tri-State failed to hire him as a member of their faculty. The district court granted Tri-State's motion for summary judgment, stating that Tri-State did not fill the position as it was originally advertised and that Aziz failed to present any evidence showing that Tri-State's proffered reason for not hiring Aziz was pretexual. Aziz appeals, arguing that "no rational trier of facts or a reasonable jury will believe the defendant's proffered reasons." We affirm.
 
 
 2
 On April 20, 1994, Tri-State placed a newspaper advertisement seeking an individual to serve both as the Chairman for its Aerospace and Mechanical Engineering Department (ME/AE department) and a professor in the same department. Approximately 47 applicants responded to the advertisement, however, Aziz did not. Tri-State decided not to fill the position with any of the applicants; instead, existing professors served in a dual capacity as both chairpersons and professors.
 
 
 3
 On October 25, 1994, Tri-State conducted another search for a Chairman of the ME/AE department. This time, approximately 54 applicants, including Aziz, responded to the advertisement.
 
 
 4
 On February 10, 1995, Tri-State sent Aziz a letter explaining that the position had not been filled because of a decision to restructure the academic administration at Tri-State. The letter also stated that "Dr. Roger Hawks, a long-time member of the ME/AE faculty, continues to serve as department chair in an acting capacity." On February 21, 1995, Tri-State informed Aziz that it was suspending its search for a Chairman of the ME/AE department; this letter stated that "budgetary constraints" precluded them from filling the position. On March 8, 1995, Tri-State sent another letter to Aziz explaining that Tri-State had decided to discontinue the search for a candidate to fill the position because of "severe financial constraints." Tri-State decided again to rely on current faculty to assist with administrative duties and asked Hawks to continue to serve as the Department's temporary chair.
 
 
 5
 On July 24, 1996, Aziz filed the present action in district court claiming that "the employer did not want to hire a person olderly (sic), non-white and of national origin, Bangladesh for Chairman" and that "the employer was looking for a person younger, white, of national origin, Europe, and at least as qualified as I was." On June 10, 1997 the district court granted Tri-State summary judgment.
 
 
 6
 On appeal, Aziz argues that an "inference may be drawn that the employer did not hire me because of my race and national origin" because "[i]t was true and still true that Caucasian White people resent working under other people because of their prejudice." Similarly, Aziz argues that "[a]n inference may also be drawn that the employer did not want to hire me at age 63 because employers think that older employees are less productive" Aziz claims that these general observations about society are sufficient to warrant reversing the district court.
 
 
 7
 We review the district court's granting of summary judgement de novo, viewing all evidence and reasonable inferences in the light most favorable to the plaintiff See Senner v. Northcentral Technical College, 113 F.3d 750, 754 (7th Cir.1997). In order to establish a prima facie case of discrimination, under the indirect, burden-shifting method, Aziz must show: (I) that he belongs to a protected class; (2) that he applied and was qualified for a job for which the employer was seeking applicants; (3) that, despite his qualifications, he was rejected; and (4) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Pilditch v. Board of Education, 3 F.3d 1113, 1116 (7th Cir.1993). If Aziz establishes a prima facie case of discrimination, the burden shifts to Tri-State to rebut the presumption of discrimination by articulating a legitimate, non-discriminatory reason for its actions. See Senner, 113 F.3d at 755. For the purposes of defeating a summary judgment motion, Aziz must produce evidence from which a "rational fact-finder could infer that [Tri-State's] proffered reasons were pretexual." Id. (citation omitted).
 
 
 8
 Assuming Aziz established a prima facie case of discrimination, Tri-State successfully rebuts the presumption of discrimination by articulating a legitimate, non-discriminatory reason for declining to hire Aziz. Tri-State faced financial constraints which rendered hiring someone from outside the current administration impracticable. Budgetary constraints are legitimate business reasons for refusing to hire an individual. See North v. Madison Area Ass'n for Retarded Citizens-Developmental Centers Corp, 844 F.2d 401 F.2d 408 (7th Cir.1988); Davis v. Weidner, 596 F.2d 726, 732 (7th Cir.1979). See also Thomure v. Phillips Furniture Co., 30 F.3d 1020, 1025 (8th Cir.1994), cert. denied, 513 U.S. 1191 (1995) ("We will not substitute our judgement for the business judgment of the company and declare that Phillips should have managed its financial crisis differently.") (citing Rademaker v. State of Neb., 906 F.2d 1309, 1312-13 (8th Cir.1990)). Tri-State had to engage in campus building renovations, a maintenance program and endowment replenishment. These are all legitimate ways for Tri-State to spend its limited resources. "We have consistently held that the courts must avoid stepping into the role of super personnel manager and must not second guess legitimate business decisions." See Brasic v. Heinemann's Inc., 121 F.3d 281,287 (7th 1997) (citing Rand v. CF Industries, Inc., 42 F.3d 1139, 1146 (7th Cir.1994)).
 
 
 9
 Aziz does nothing to establish that the proffered reason is pretexual. Aziz asks rhetorically "[w]hat could happen to the multimillion dollar University budget during these three months that tile University could not hire the very urgently needed department chairman being sought for a long time?" and requests "relevant university income and expenditure documents for three consecutive years up to the time the position was filled." Such rhetoric misses the point. The only issue is whether Tri-State honestly believed that it was financially restrained from hiring outside the University, not whether it was mistaken See Bahl v. Royal Indemnity Co., 15 F.3d 1283, 1292 (7th Cir.1997). See also Russell v. Acme-Evans Co., 51 F.3d 64, 68 (7th Cir.1995) (explaining that pretext "means a lie, specifically a phony reason for some action"). Aziz offers no evidence that Tri-State did not honestly believe that other financial obligations prevented it from filling the advertised position.
 
 
 10
 Accordingly, the district court's grant of summary judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a); Cir. R. 34(f)