Deborah CRAWFORD, Plaintiff,

v.

BANK OF AMERICA, et al., Defendants.

No. 97 C 5290.

United States District Court, N.D. Illinois, Eastern Division.

May 26, 1998.

T. Lee Boyd, Jr., T. Lee Boyd, Jr. & Associates, Chicago, IL, for Plaintiff.

Max G. Brittain, Jr., Wendy L. Nutt, Brittain, Sledz, Morris & Slovak, Chicago, IL, Jay J. Price, Bank of America, Office of General Counsel, San Francisco, CA, for Defendants.

### MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge.

Twice before in this case we have entered orders taking adverse action against plaintiff Deborah Crawford due to her attorney's failure to comply with our orders. The first time we granted summary judgment against her after her attorney failed to respond to defendant Bank of America's motion in a timely fashion. *See* N.D.ILL.GEN.R. 12(P). We vacated this order after Crawford's counsel informed us that the delay was inadvertent and that he would, in the future, comply with our orders. It quickly became apparent that the lesson had not been learned, however, for a few weeks later we dismissed three other defendants from the case because Crawford's counsel again failed to respond to a motion from Bank of America in a timely fashion.

Now before us, once more, is Bank of America's motion for summary judgment, and this time we are confronted with Crawford's attorney's violation of the local rules.

His response to the motion for summary judgment was timely, but it was not in the required form: Rule 12N(3)(a) requires the party opposing summary judgment to submit a statement containing "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon. . . ." Crawford's 12N(3)(a) statement contains no citations to the record.

This requirement is not a secret. Our local summary judgment rule is clearly written, and it is discussed in a large number of published circuit and district court opinions. *See, e.g., Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921–22 (7th Cir.1994) (citing cases). It was even the subject of a lengthy article in last month's Chicago Bar Association's "CBA Record." *See* Lain D. Johnston, *Summary Judgment Motions in the Northern District, The Importance of Local Rules 12M & 12N,* CBA RECORD, Apr. 1998, at 24–29. That article discusses the 12N(3)(a) requirements and the importance of compliance with Rule 12 generally. As it points out, noncompliance with the Rule makes a district court's job much more difficult in a variety of ways. *See id.* at 26.

Crawford's legal brief does contain some citations to the record, but this is not at all what the Rule requires. We are, of course, entitled to enforce strictly our local summary judgment rules, *see generally id.* (citing cases), and we feel that it is appropriate to do so here. We have indulged Crawford's attorney once already, and we infer from his filings that compliance with our orders and with the local rules is not his highest priority. We therefore deem Crawford to have admitted all of the contents of Bank of America's 12M statement. *See, e.g., Brasic v. Heinemann's Inc.,* 121 F.3d 281, 284 (7th Cir.1997); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir.1994). We proceed on that basis.

■ In broad terms, this case concerns statements made to Crawford, a female heterosexual, by a co-worker, a male homosexual. All but one of these statements concerned male homosexual activity. Crawford complains of discrimination on the basis of gender and sexual orientation in violation of Title VII. Title VII, of course, does not protect against discrimination on the basis of sexual orientation. *See Ulane v. Eastern Airlines, Inc.,* 742 F.2d 1081, 1084–85 (7th Cir.1984). Sexual orientation enters into this case only because the allegedly harassing comments and stories from Crawford's co-worker were of a homosexual nature.

■ According to her brief, Crawford is advancing two theories of gender discrimination. The first is sexual harassment: she claims that her co-worker's comments to her turned her workplace into an environment so hostile that it violated Title VII. *See generally Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). There are at least two fatal defects in this theory, however. The first is that there is no evidence that Crawford was subjected to her co-worker's stories *because of* her gender, and discrimination *on the basis of* gender is the crux of her claim. Just as in *Johnson v. Hondo, Inc.,* 125 F.3d 408, 412 (7th Cir.1997), "the plaintiff's sole evidence bearing on the gender-based nature of [the harasser's] provocations is the facially sexual content of [the] remarks." But the fact that her homosexual co-worker's comments were of a sexual nature actually works against Crawford; we ordinarily do not expect a homosexual man to make overtures to a woman. The Supreme Court's most recent opinion dealing with sex discrimination states:

Courts and juries have found the inference of discrimination easy to draw in most male-female harassment situations, because the challenged conduct typically involves explicit or implicit proposals of sexual activity; it is reasonable to assume those proposals would not have been made to someone of the same sex. The same chain of inference would be available to a plaintiff alleging same-sex harassment, if there were credible evidence that the harasser was homosexual.

*Oncale v. Sundowner Offshore Servs., Inc.,* — U.S. ——, ——, 118 S.Ct. 998, 1002, 140 L.Ed.2d 201 (1998). Crawford obviously can-

not take advantage of that inference, and since we have no other reason to believe that her coworker singled out Crawford due to her gender, she cannot proceed on a hostile environment theory.

The second shortcoming of Crawford's hostile environment theory is that there is no evidence that the company knew or should have known about the situation, a requirement for liability under Title VII given that an employer's negligence is (with an exception not relevant here) the basis of its Title VII liability. *See Perry v. Harris Chernin, Inc.,* 126 F.3d 1010, 1013–15 (7th Cir.1997). The defendant's 12M statement makes clear that no company supervisory official actually knew of the co-worker's activities, as Crawford did not tell any of them, and it also makes clear that there was no reason for any supervisory official to know. Crawford and her co-worker were the co-managers of a bank branch office which their supervisors visited about once per month, so we would not expect them to learn of the situation through ordinary observance. *See id.* at 1014. And while Crawford did ask for a transfer, she did not intimate that her co-worker's stories were the basis of her request. Also, like the company in *Perry, see id.* at 1012, Bank of America had an employee handbook which directed victims of harassment or discrimination to report the offense to a supervisor or to a human resources official, and Crawford received the handbook. She actually did place one call to a human resources officer and left a message (which did not specify sexual harassment as the reason for the call), and the officer returned her call and left her a message, but that seems to be where her attempts at reporting ended. So Crawford was aware of how to bring her complaints to the attention of the company but did not, and we have no reason to believe that the company otherwise knew or should have known of them. Crawford therefore may not proceed on a hostile environment theory.

Crawford's second gender discrimination theory is disparate treatment: she believes that several male managers were treated more favorably than she. But as she has no direct evidence of such discrimination, she must proceed under the burden-shifting framework of *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), which requires that she set forth a prima facie case of discrimination. That requires, *inter alia,* that she show that the advantaged male employees were situated similarly to her. But Bank of America's 12M statement does not address the benefits given to its employees, so Crawford's 12N(3)(a) response, with or without citations to the record, doesn't either. The place for Crawford to make such statements and to cite to supporting evidence would have been in a Rule 12N(3)(b) statement of additional facts, but her attorney did not submit one. This leaves us without any evidence of how Bank of America treated its male employees, which leaves Crawford without a claim.

Bank of America's motion for summary judgment is granted. It is so ordered.