Usha VAKHARIA, M.D.,
Plaintiff–Appellant,

v.

LITTLE COMPANY OF MARY HOSPITAL AND HEALTH CARE CENTERS, David J. Roth, M.D., Chidambaram Srinivasan, M.D., et al., Defendants–Appellees.

Nos. 02–2063, 02–3937.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 24, 2003.

Decided March 25, 2003.

Rehearing Denied April 22, 2003.

Before: BAUER, RIPPLE, and EVANS, Circuit Judges.

ORDER

Usha Vakharia filed suit against an estimated 500 defendants on September 13, 1994, claiming racial discrimination, antitrust violations, breach of contract, and violations of staff bylaws. After the lawsuit languished in the district court for over eight years, the district court granted the defendant's motion for summary judgment on all counts. Vakharia appeals, challenging various procedural rulings by the district court. We affirm.

BACKGROUND

Usha Vakharia, M.D., worked as an anesthesiologist at the Little Company of Mary Hospital ("Hospital"). Approximately one year after Vakharia had formally finished the application process, the Hospital selected Evergreen Anesthesia & Pain Management Services ("Evergreen") as the exclusive provider for anesthesiology services. The agreement provided that anesthesiologists not affiliated with Evergreen were not allowed to work at the Hospital. Evergreen offered employment to Vakharia with the right to continue to utilize her privileges at the Hospital. Vakharia declined the offer, and was denied access to the Hospital's anesthesia and operating suites.

Vakharia sought an ad hoc hearing, as provided for under the Hospital bylaws. Following the hearing, the committee of the Hospital's Board of Trustees made certain findings of fact, including, *inter alia*, that: Vakharia was offered a contract to join Evergreen, but did not accept the offer and made no counter proposal to join Evergreen; and there was no evidence of any discrimination on the part of the Hospital or Evergreen. Vakharia was not convinced and filed suit.

While the procedural aspects of this case are long and varied, we highlight only those parts pertinent to our analysis. After filing her original complaint on September 13, 1994, Vakharia filed her first amended complaint. On March 7, 1996, the court granted the Hospital's motion to dismiss all counts, because of procedural defects and for failure to comply with Federal Rule of Civil Procedure 8. In addition, the court, per Rule 11, sanctioned Vakharia in the amount of $14,135.40. After her second amended complaint met a similar fate, Vakharia moved to file a third amended complaint on April 13, 1999. The district court denied her leave to file the proposed third amended complaint because of futility and delay. Vakharia tried again but without success.

On August 15, 2001, the Hospital moved for summary judgment.

Vakharia failed to meet three court ordered deadlines for responding to the motion for summary judgment. The district court gave Vakharia additional opportunities to file her response, but was met with delays and obstruction. Vakharia's responses ignored both the district court's instructions and the rules governing summary judgment motions. A few examples of Vakharia's conduct included arguments made without citation to evidence, failure to correct deficiencies, and refusal to make necessary changes on her 12(N) Statement, as repeatedly requested by the district court.

Finally, on March 28, 2002, the district court granted the Hospital's motion for summary judgment on all counts. Vakharia appeals, arguing the court improperly struck her response to the Hospital's summary judgment motion, improperly denied

her leave to file an amended complaint, and erroneously granted summary judgment in favor of the Hospital.

## ANALYSIS

### A. *Striking Vakharia's Response to Summary Judgment*

The district court struck Vakharia's response to the Hospital's motion for summary judgment in part because it failed to comply with Local Rule 56.1.[1] We have consistently upheld a district court's discretion to require strict compliance with its local rules governing summary judgment. *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir.2000). We review a district court's application of a local rule under an abuse of discretion standard. *Borcky v. Maytag Corp.*, 248 F.3d 691, 697 (7th Cir.2001).

The basis for the district court's decision was not limited to an isolated incident. Instead, the district court based its ruling on Vakharia's failure to comply with Local Rule 56.1, her continual disregard of the court's previous orders and requests, and her repeated failure to comply with the court's deadlines. After the court had given Vakharia two additional chances, the court found it "inexcusable" for Vakharia to submit, for the third time, pleadings that did not comply with the rules. We agree.

Vakharia argues that the district court ignored issues prominently identified in her pleadings. This argument reveals a failure to comprehend the essence of the district court's ruling. There was no issue properly identified by Vakharia. Vakharia repeatedly made sweeping references to piles of exhibits and other materials without any specificity. Moreover, her inferences and conclusions were without factual support in the record. The district court has no obligation to research and construct the legal arguments open to the parties. *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 285 (7th Cir.1997). Vakharia had eight years to present a claim that passed muster and she failed to do so.

The district court repeatedly gave Vakharia additional chances to abide by the rules. Vakharia ignored the court's admonishments and cannot now claim that the court treated her unfairly after it patiently tolerated her disregard of its orders. For these reasons, we find that the district court did not abuse its discretion when it struck Vakharia's response to the Hospital's motion for summary judgment.

### B. *Denying Vakharia Leave to File an Amended Complaint*

While leave to amend one's pleadings is freely given when justice so requires, we have held that such leave can be legitimately denied where an amendment would be futile. *McGee v. Kerr–Hickman Chrysler Plymouth,* 93 F.3d 380, 385 (7th Cir.1996). A court may find a proposed amendment is futile if it provides facts or legal theories that are redundant, immaterial, or unresponsive. *Campania Mgmt. Co. v. Rooks, Pitts & Poust,* 290 F.3d 843, 850 (7th Cir.2002). We review this determination for an abuse of discretion. *Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783, 793 (7th Cir.1999).

1. Local Rule 56.1 provides, in part: "[e]ach party opposing a motion filed pursuant to Fed.R.Civ.P. 56 shall serve and file (1) any opposing affidavits and other materials referred to in Fed.R.Civ.P. 56(e); (2) a supporting memorandum of law; and (3) a concise response to the movant's statement that shall contain: a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon...."

On April 13, 1999, Vakharia sought leave to amend her complaint to add a count alleging that various defendants breached the Hospital bylaws forbidding racial discrimination. The district court denied Vakharia leave to amend because of the delay in seeking the amendment and because the amendment would have been futile. The district court was correct on both counts. The amendment was futile and it was clearly improper to reargue this claim that late in the proceedings. Moreover, Vakharia offers no cogent reason why the court erred. She claims that the original complaint "demonstrated that it was the 'as needed' character of the contract offered which led to her rejection." Her attempt to claim discrimination to explain an outcome that was of her own making reveals the weakness in her argument. Moreover, the amendment was plainly duplicative of an earlier discrimination claim she had raised and the district court rejected. Thus, it did not abuse its discretion in denying Vakharia leave to file the amended complaint.

*C. Granting Summary Judgment for the Hospital*

We review a district court's grant of summary judgment *de novo,* viewing all facts and drawing all reasonable inferences in the non-moving party's favor. *Rivera v. Grossinger Autoplex,* 274 F.3d 1118, 1121 (7th Cir.2001). Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Berry v. Delta Airlines, Inc.,* 260 F.3d 803, 808 (7th Cir.2001).

The district court granted summary judgment on Vakharia's only remaining claim-discrimination, encapsulated in Counts I and III. Vakharia argues that there was no evidence upon which to grant summary judgment. Vakharia is incorrect. There was no evidence upon which the court could have denied summary judgment.

Rule 56(e) of the Federal Rules of Civil Procedure requires that affidavits offered in opposition to summary judgment "be made on personal knowledge ... setting forth such facts as would be admissible in evidence, and ... showing affirmatively that the affiant is competent to testify to the matters stated therein." While personal knowledge may include inferences and opinions, those inferences must be substantiated by specific facts. *Drake v. 3M,* 134 F.3d 878, 887 (7th Cir.1998). Vakharia's brief failed to specify any admissible evidence. Despite the district court's repeated requests that Vakharia support her contentions with references to evidence, she did not. Neither the district court nor the Hospital had any obligation to hunt through her filings to find the disputed factual issues. *See Greer v. Bd. of Educ.,* 267 F.3d 723, 727 (7th Cir.2001). Vakharia "must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact requiring trial." *Courtney v. Biosound, Inc.,* 42 F.3d 414, 418 (7th Cir.1994). She did not.

The Hospital laid out in intricate detail how Vakharia was solely to blame for the delay of the application. Despite her delay, the Hospital bent over backwards to provide her with substantial work, even ignoring her past professional problems. Her argument that the delay in the processing of her application constituted an adverse employment action is legally and factually groundless. Thus, the district court correctly determined her claim for relief under § 1981 failed.

Finally, the district court correctly entered summary judgment on Count III. Vakharia asserted that the Hospital's bylaws were breached, yet offered no basis to support it. Vakharia pointed to no evi-

dence that any bylaw was breached and was unable to identify a single provision that was violated.

CONCLUSION

We have considered all of the Vakharia's remaining contentions, but find none that requires comment.

For the foregoing reasons, we AFFIRM the district court's judgment.