Martha H. PALMER–BOAHENE,
Plaintiff,

v.

BOARD OF TRUSTEES OF THE
CITY COLLEGES OF CHICAGO,
DIST. 508, Defendant.

No. 02 C 8941.

United States District Court,
N.D. Illinois,
Eastern Division.

March 5, 2004.

Martha H. Palmer–Boahene, pro se, Chicago, IL, Jacqueline A. Walker, J.A. Walker and Associates, P.C., Chicago, IL, for plaintiff.

John Alexis Relias, Erika Dillon, Julia K. Oltmanns, Franczek Sullivan P.C., Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff Marsha H. Palmer–Boahene claims that defendant Board of Trustees of the City Colleges of Chicago, District 508 ("City Colleges"), violated both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Count I), and 42 U.S.C. § 1981 (Count II) by discriminating against her on the basis of race and sex. Ms. Palmer–Boahene, an African–American female, alleges that City Colleges investigated her incidents of misadvising students because of her race, her sex, or both and that City Colleges denied her employment in a teaching position after her counseling position was eliminated because of her race. City Colleges now moves for summary judgment on both counts. I grant that motion as to City Colleges' investigation of Ms. Palmer–Boahene. It is denied as to her race discrimination in hiring claim.

Summary judgment is appropriate where the record and affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lexington Ins. Co. v. Rugg & Knopp,* 165 F.3d 1087, 1090 (7th Cir.1999); Fed. R.Civ.P. 56(c). Normally, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). However, in this case Ms. Palmer–Boahene has failed to comply with Local Rule 56.1, which requires her to file

a concise response to the movant's statement that shall contain:

(A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and

(B) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

Local Rule 56.1(b). All of the statements in City Colleges' Rule 56.1(a) filing are therefore deemed admitted. Local Rule 56.1(b)(3)(B). *See, e.g., Brasic v. Heinemann's, Inc.,* 121 F.3d 281, 283–84 (7th Cir.1997); *Midwest Imports, Ltd. v. Coval,* 71 F.3d 1311, 1316–17 (7th Cir.1995).

Ms. Palmer–Boahene claims that City Colleges discriminated against her on the basis of both race and sex by investigating her and on the basis of race for failing to rehire her in a teaching position, in violation of both Title VII and § 1981.[1] As Ms. Palmer–Boahene presents no direct evidence of discrimination, she must proceed under the *McDonnell Douglas* burden-shifting analysis. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To establish a prima facie case under that analysis, Ms. Palmer–Boahene must show that (1) she is a member of a protected class; (2) she was meeting City Colleges' legitimate business expectations; (3) she suffered an adverse employment action; and (4) City Colleges treated other employees, not in the protected class, more favorably. *Ajayi v. Aramark Business Services, Inc.,* 336 F.3d 520, 531 (7th Cir.2003).

*See, e.g., Eiland v. Trinity Hospital,* 150 F.3d 747, 750 (7th Cir.1998).

---

1. As Title VII and § 1981 discrimination claims are analyzed in the same manner, I will deal with both counts at the same time.

As a woman and an African–American, Ms. Palmer–Boahene established herself as a member of a protected class. She has more difficulty establishing that she was meeting City Colleges' legitimate business expectations, as one of the actions she challenges is City Colleges' decision to investigate complaints about her professional competency.

To meet the third prong of the prima facie case, Ms. Palmer–Boahene must show that the challenged actions resulted in some material harm. An investigation does not constitute an adverse employment action. *Ajayi*, 336 F.3d at 531 (threats of demotion not sufficient). Although City Colleges found that Ms. Palmer–Boahene was unable to perform her duties as a faculty counselor, it chose not to recommend any discipline because of the previously-made decision to eliminate all of the faculty counselor positions. The claims related to Ms. Palmer–Boahene's investigation fail. With respect to the denial of a teaching position, Ms. Palmer–Boahene can satisfy the third prong; denial of employment is a sufficiently material adverse action. *Crady v. Liberty National Bank and Trust Co. of Indiana*, 993 F.2d 132, 136 (7th Cir.1993).

The evidence on the fourth prong of the prima facie case does not establish defendant's right to summary judgment on Ms. Palmer–Boahene's race discrimination claim. Ms. Palmer–Boahene claims that two non-African-American women, Lynnel Kiely and Theresa Tylka, were similarly situated and more favorably treated. Ms. Kiely and Ms. Tylka were also faculty counselors who were subsequently employed by City Colleges as faculty in the Social Science department. The evidence is that they were initially told that they could not be hired because they lacked the requisite educational requirements. Ultimately, pursuant to a settlement, they were hired and given time to complete the education credits they lacked. There may be legitimate differences between these women and Ms. Palmer–Boahene that have nothing to do with race, but City Colleges has not met its burden of proof on this motion. City College's motion for summary judgment is denied on this claim.